Tsering v. Holder

BIA
Christensen, IJ
A089 200 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fourteen.

PRESENT:
>JON O. NEWMAN,
>REENA RAGGI,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

_____

WANGYAL TSERING, AKA MUKHIYA GHALE,
>*Petitioner,*

>v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, ET AL.,
>*Respondents.*

11-4124
NAC

_____

FOR PETITIONER: Jason A. Nielson, Law Offices of Thomas Mungoven, New York, New York.

FOR RESPONDENTS: Stuart F. Delery, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wangyal Tsering seeks review of a September 20, 2011, order of the BIA affirming the February 10, 2011, decision of Immigration Judge ("IJ") Jesse B. Christensen denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wangyal Tsering*, No. A089 200 631 (B.I.A. Sep. 20, 2011), *aff'g* No. A089 200 631 (Immig. Ct. N.Y. City Feb. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In this case, the agency denied relief based on an adverse credibility determination. For asylum applications such as this one, governed by the REAL ID Act, the agency may,

2

considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Tsering does not challenge the IJ's findings regarding his demeanor, discrepancies in his statements, and his failure to mention human rights abuses in Tibet when asked what he feared would happen to him if he were returned to China. Although Tsering asserts that some of these findings do not support the IJ's credibility determination, because he does not point to any error or offer any specific argument, the findings stand as valid bases for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Tsering does challenge the IJ's finding that he failed to establish his identity. However, that conclusion is supported by the record. We defer to the IJ's finding that Tsering's claim that he had forgotten the Tibetan language was implausible because he testified that for the first 24 years of his life, between 1974 and 1998, he lived in Tibet or a Tibetan refugee camp. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (noting that we will defer to an IJ's

3

finding that an applicant's testimony is inherently implausible "unless we are left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)).

In light of his other concerns about Tsering's credibility, the IJ reasonably expected Tsering to provide corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). We defer to the IJ's permissible conclusion that Tsering's documents issued by the Tibet Office in New York did not establish that he was from Tibet because those documents did not come from Tibet or Nepal and the Tibet Office did not independently verify Tsering's identity. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight to be afforded to evidence "lies largely within the discretion of the IJ" (internal quotation marks and alteration omitted)). Similarly, we defer to the IJ's reasonable conclusion that the uncorroborated letters from the Tibet Office and Tsering's friends were entitled to little weight, because they were unauthenticated, unsworn statements of interested parties. *See id.*

4

Together, Tsering's demeanor, the inconsistencies in his testimony, his failure to note concerns about China's treatment of the Tibetan population, the implausibility of his testimony that he had forgotten how to speak Tibetan, and his inadequate corroborating evidence provide substantial evidence in support of the agency's credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Accordingly, because Tsering's claims that he would be persecuted or tortured in Nepal or China depended on the credibility of his testimony, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk

5